IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven Boss Gillian,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Terri Wallace, Warden, Kirkland Correctional Institution,<br><br>　　　　　Respondent. | C/A No. 0:24-cv-4510-SAL<br><br><br>**ORDER** |

　　　　Steven Boss Gillian ("Petitioner"), a state prisoner with appointed counsel, seeks habeas relief pursuant to 28 U.S.C. § 2254. Warden Terri Wallace ("Respondent") moved for summary judgment, ECF No. 36. This matter is now before the court on the Report and Recommendation ("Report") by United States Magistrate Judge Paige J. Gossett, who reviewed this case pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 44.] The magistrate judge recommends granting Respondent's motion and dismissing the petition with prejudice. *Id.* at 18. As set forth in the eighteen-page Report, the magistrate judge concluded, as to Petitioner's two grounds for relief, Petitioner failed to show the state courts' denial of the same was based on unreasonable application of clearly established federal law or an unreasonable interpretation of the facts.[1] Attached to the Report was a notice advising Petitioner of the right to object. *Id.* at 19. Petitioner has not filed objections, and the time for doing so has expired.

　　　　The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a

---

[1] Petitioner voluntarily withdrew one ground for relief. *See* ECF No. 44 at 10.

1

*de novo* determination of only those portions of the Report to which specific objections are made, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, **ADOPTS** the Report, ECF No. 44, and incorporates it by reference. As a result, Respondent's motion for summary judgment, ECF No. 36, is **GRANTED**. The petition is **DISMISSED with prejudice**.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

**IT IS SO ORDERED.**

December 15, 2025　　　　　　　　　　　　　　Sherri A. Lydon
Columbia, South Carolina　　　　　　　　　　　United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Petitioner has failed to make the required showing.